# United States Court of Appeals
## For the First Circuit

No. 25-1393

D.V.D.; M.M.; E.F.D.; O.C.G.,

Plaintiffs - Appellees,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of Department of Homeland Security (DHS); PAMELA BONDI, United States Attorney General; ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility,

Defendants - Appellants.

Before

Montecalvo, Howard, and Aframe,
Circuit Judges.

**ORDER OF COURT**

Entered: May 16, 2025

The emergency motion for a stay of the April 18 preliminary injunction pending appeal and for an immediate administrative stay is denied, the government not having met the standard for the relief sought. See Nken v. Holder, 556 U.S. 418 (2009). To justify a stay, the movant must "(1) make a 'strong showing that [it] is likely to succeed on the merits' in its appeal; (2) show that it 'will be irreparably injured absent a stay'; (3) show that 'issuance of the stay will [not] substantially injure the other parties interested in the proceeding'; and (4) show that the stay would be in 'the public interest.'" New Jersey v. Trump, 131 F.4th 27, 34–35 (1st Cir. 2025) (quoting Nken, 556 U.S. at 434).

In particular, we have concerns regarding the continuing application of the Department of Homeland Security's March 30 Guidance Regarding Third Country Removals; the defendants' filing of a "provisional" stay motion three days before the injunction was entered; the irreparable harm that will result from wrongful removals in this context; the equities of stay relief; and certain merits-related issues that the parties are instructed to address in their briefs.

First, does the class-based injunction "enjoin or restrain the operation of" covered INA provisions insofar as it requires compliance with the terms of such provisions or the terms of removal orders previously generated pursuant to those provisions? Second, does 8 U.S.C. § 1252(f)(1) presume the availability of individualized judicial review to individuals subject to third-country removals and therefore does not bar class-wide injunctive relief where such relief is necessary to make such individualized review available? Third, do the APA/due process claims stated in Counts I to III of the complaint have a sufficiently attenuated connection to the statutory removal provisions covered by § 1252(f)(1) that they do not fall within its sweep? Cf. Garland v. Aleman Gonzalez, 596 U.S. 543, 553 n.4 (2022) (leaving open the possibility of class-based injunctive relief with respect to at least some statutory claims that are not themselves covered by § 1252(f)(1) but have a collateral effect on the operation of a covered provision).

The assented-to motions to file an oversized stay motion and opposition are allowed. The Clerk shall set a briefing schedule.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Donald Campbell Lockhart
Abraham R. George
Elianis N. Perez
Matthew Patrick Seamon
Mary Larakers
Mark Sauter
Trina A. Realmuto
Mary A. Kenney
Kristin Macleod-Ball
Tomas Arango
Aaron Korthuis
Glenda M. Aldana Madrid
Leila Kang
Matthew H. Adams