**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| D.V.D., et al., ) | |
|     Plaintiffs, ) | |
| v. ) | Civil Action No. 25-10676-BEM |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., ) | |
|     Defendants. ) | |

**EXHIBIT A**

**MEMORANDUM AND ORDER ON**
**PLAINTIFFS' MOTION FOR AN INDICATIVE RULING**

**MURPHY, J.**

On April 18, 2025, this Court issued a preliminary injunction requiring Defendants to notify class members of their impending third-country removals and to provide a meaningful opportunity for those class members to seek relief under the Convention Against Torture. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025). Plaintiffs now ask this Court to rule that it would dissolve that injunction if given the opportunity. Dkt. 191. Defendants argue that this is gamesmanship—"[i]n essence," according to Defendants, "Plaintiffs seek to prematurely terminate ongoing appellate litigation on the issues raised by their lawsuit, forcibly remand Defendants' pending appeal, and withdraw the preliminary injunction that they sought just a few months ago." Dkt. 204 at 5.

Defendants overstate this Court's power. The "filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993)). Defendants have appealed the preliminary injunction, among other

decisions by this Court. Dkts. 35, 69, 180. As a result, exclusive jurisdiction lies with the First Circuit to affirm, vacate, or remand those orders.

Notwithstanding, Federal Rule of Civil Procedure 62.1 permits this Court to signal, in the subjunctive, what it "would" do with respect to a hypothetical motion to dissolve the injunction. *See, e.g.*, *United States v. Maldonado-Rios*, 790 F.3d 62, 64–65 (1st Cir. 2015). If the Court "states that it would grant the motion . . . the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1. Turning to the merits, dissolution of an injunction is appropriate where a party shows that "a significant change either in factual conditions or in law" makes relief equitable. *Agostini v. Felton*, 521 U.S. 203, 215 (1997) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). "A court may recognize subsequent changes in either statutory or decisional law." *Id.*

Framed thus, the Court believes this an easy decision. The Supreme Court stayed the injunction, *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025), presumably upon finding that Defendants "made a strong showing that [they] [were] likely to succeed on the merits," *see Nken v. Holder*, 556 U.S. 418, 434 (2009). In a subsequent opinion, the Supreme Court implied that the injunction was "erroneously issued." *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2627, 2629 (2025) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 295 (1947)). It has moreover been impressed upon this Court that, notwithstanding the preliminary posture of an emergency docket order and an absence of complete reasoning, "when [the Supreme] Court issues a decision, it constitutes a precedent that commands respect." *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 606 U.S. —, 2025 WL 2415669, at *4 (U.S. Aug. 21, 2025) (Gorsuch, J., concurring in part and dissenting in part). That precedent must extend, at least, to the precise relief at issue in the very same litigation. Accordingly, if presented with a motion to dissolve the preliminary

2

injunction, this Court believes that it would have little choice but to recognize these changes in "decisional law" and grant such a motion.  *See Agostini*, 521 U.S. at 215.

Given this ruling, "the decision to remand is left to the discretion of the appellate court." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 505 (7th Cir. 2024), *reh'g and reh'g in banc dismissed*, 2024 WL 4416886 (7th Cir. Oct. 4, 2024), *and cert. denied*, 145 S. Ct. 1182 (2025).  This Court believes that the case here would benefit from meaningful, swift, and complete appellate review.  However, it is simply not obvious which path makes the most sense.  The pending appellate litigation could end up a fool's errand, disposed of on a jurisdictional issue not necessarily relevant to the remainder of the case.  *See* Dkt. 192 at 10–11 (citing *D.V.D.*, 145 S. Ct. at 2160 (Sotomayor, J., dissenting) (stating that Defendants' argument under 8 U.S.C. § 1252(f)(1) was the "only . . . jurisdictional objection remain[ing] with any force")); *see also D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-1393 (1st Cir. May 16, 2025) (raising individual questions predominantly as to 8 U.S.C. § 1252(f)(1)).[1]  The inverse could be true as well.  *See* Dkt. 204 at 4 ("[T]he weighty legal questions at issue in the appeal . . . are substantively identical to those raised by Plaintiffs' pending Motion for Partial Summary Judgment.").  In the meantime, class members may be prevented from seeking viable relief, in and out of this litigation, because of the inoperative injunction.  *See, e.g.*, *Ghamelian v. Baker*, 2025 WL 2049981, at *3 (D. Md. July 22, 2025), *reconsideration denied*, 2025 WL 2074155 (D. Md. July 23, 2025) (denying habeas

---

[1] Section 1252(f)(1) withdraws district courts' jurisdiction to "enjoin or restrain the operation of" certain immigration statutes, "other than with respect to the application of such provisions to an individual alien." 8 U.S.C. § 1252(f)(1).  Accordingly, at least under that subsection, injunctive relief remains available as to the "individual" named Plaintiffs, *see id.*, and other non-injunctive forms of relief may remain available as to the broader class.  *See Brito v. Garland*, 22 F.4th 240, 252 (1st Cir. 2021) ("[D]eclaratory relief remains available under section 1252(f)(1)."); *Garland v. Aleman Gonzalez*, 596 U.S. 543, 571 (2022) (Sotomayor, J., concurring in the judgment and dissenting in part) ("In fairness, the Court's decision is not without limits.  For instance, the Court does not purport to hold that § 1252(f)(1) affects courts' ability to 'hold unlawful and set aside agency action, findings, and conclusions' under the Administrative Procedure Act."); *see also Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2567 (2025) (Kavanaugh, J., concurring) (distinguishing injunctive relief from relief under the Administrative Procedure Act).

3

relief because of petitioner's status as a *D.V.D.* class member). *But see Nguyen v. Scott*, 2025 WL 2419288, at *20–21 (W.D. Wash. Aug. 21, 2025) (holding that petitioner's ability to seek relief related to third-country removal was not impacted). The First Circuit is better positioned than this Court to determine the trajectory of its appeal.

I. **Conclusion**

For the foregoing reasons, Plaintiffs' motion for an indicative ruling is GRANTED. This Court would dissolve the preliminary injunction if the First Circuit remanded its appeal for that purpose.

**So Ordered.**

Dated: August 28, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court