Nos. 25-1393, 25-1631

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

———————————————

D.V.D., *et al.*,

*Plaintiffs-Appellees*,

v.

U.S. Department of Homeland Security, *et al.*,

*Defendants-Appellants*.

———————————————

On Appeal from the United States District Court
for the District of Massachusetts

———————————————

## DEFENDANTS-APPELLANTS' BRIEF IN OPPOSITION TO
## PLAINTIFFS-APPELLEES' MOTION TO REMAND

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

ANTHONY P. NICASTRO
*Acting Director*

ELIANIS N. PEREZ
*Assistant Director*

MATTHEW P. SEAMON
MARY L. LARAKERS
*Senior Litigation Counsel*
U.S. Department of Justice,
Civil Division
Office of Immigration
Litigation
P.O. Box 868,
Ben Franklin Station
Washington, DC 20044

## <u>INTRODUCTION</u>

"[W]hen [the Supreme] Court issues a decision, it constitutes a precedent that commands respect." *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 606 U.S. —, 2025 WL 2415669, at *4 (U.S. Aug. 21, 2025) (Gorsuch, J., concurring in part and dissenting in part). Plaintiffs' Motion to Remand is a transparent attempt to circumvent an order from the Supreme Court and is utterly without merit. After consuming Defendants' and the federal judiciary's resources to an inordinate degree, Plaintiffs now ask this Court for a remand to allow the district court to undo the preliminary injunction it granted at Plaintiffs' request, mooting this appeal. And, as Plaintiffs concede, they wish to dissolve the injunction so they may instead obtain final declaratory relief on the same legal claims and, in the meantime, allow class members to separately seek their own preliminary injunctions. That is either unnecessary or a deeply misguided attempt to circumvent the Supreme Court's stay of the district court's injunction. Plaintiffs have taken the position that the district court does not need to dissolve the preliminary injunction in order to proceed toward final judgment. ECF No. 210 at 5. And facilitating evasion of the Supreme Court's determination of the proper interim status quo during this litigation is not a worthy objective for a remand to dissolve the preliminary injunction.

1

Plaintiffs attempt to simultaneously argue that their arguments in support of the preliminary injunction remain meritorious and that the preliminary injunction should be vacated. Defendants likewise maintain that the preliminary injunction is flawed root and branch—and oppose remand for vacatur of the preliminary injunction in order to present those arguments to this Court and obtain this Court's review of the preliminary injunction. Plaintiffs' supposed justifications for their novel procedural attempt to evade this Court's review—fairness and judicial efficiency—have no sound basis in law or logic. An appeal-mooting remand would prejudice Defendants and would not even give Plaintiffs what they seek in the interim. This Court should deny Plaintiffs' motion and reject their inappropriate attempt to evade the Supreme Court's assessment of the proper interim status quo while this litigation unfolds.

## PROCEDURAL HISTORY

On March 23, 2025, Plaintiffs moved for class certification and a preliminary injunction. ECF Nos. 4, 6. On April 18, 2025, the district court granted Plaintiffs' motion for class certification and granted a classwide preliminary injunction. ECF No. 64. Defendants promptly appealed and sought a stay. ECF No. 69; Defendants-Appellants' Emergency Mot. to Stay, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. April 22, 2025). On May 16, 2025, this Court denied Defendants' request. Electronic Order, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. May 16, 2025).

2

On May 27, 2025, Defendants sought a stay of the injunction from the U.S. Supreme Court. App. for a Stay of the Injunction, *DHS v. D.V.D.*, No. 24A1153 (S. Ct. May 27, 2025). On June 23, 2025, the Supreme Court granted Defendants' application and stayed this Court's injunction "pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari," if any. *DHS v. D.V.D.*, 145 S. Ct. 2153 (2025). That same day, Defendants sought a 15-day extension of the deadline for their opening appeal brief in this Court, which was due on June 30, in light of the burdensome and fast-paced discovery ongoing in the district court and the need to adapt the brief to reflect the Supreme Court's ruling and the 18-page dissenting opinion. *See* Mot. to Extend Time, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 23, 2025). Plaintiffs opposed a 30-day extension and did not respond to a request for consent to a 15-day extension. *Id.* at 3. This Court did not rule on the motion before the June 30 deadline. *See* Electronic Order, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. July 9, 2025).

Accordingly, on June 30, seven days after the Supreme Court's stay decision, Defendants filed their opening appeal brief. *See* Br. of Defendants-Appellants, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 30, 2025). After Defendants filed an amended notice of appeal, ECF No. 180, this Court issued an order consolidating the appeals, vacating the prior briefing schedule, and directing

the clerk to set a new briefing schedule. *See* Electronic Order, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. July 17, 2025). On September 8, 2025, Defendants filed their revised opening appeal brief. *See* Br. of Defendants-Appellants, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Sept. 8, 2025).

On July 13, 2025, Plaintiffs filed a Motion for Indicative Ruling with the district court, seeking an indicative ruling that the court would dissolve the preliminary injunction if this Court remanded the appeal for that purpose. ECF No. 191. That same day, Plaintiffs filed a Motion for Partial Summary Judgment. ECF No. 193. On August 28, 2025, the district court granted Plaintiffs' motion for indicative ruling. ECF No. 212. The district court emphasized that this case "would benefit from meaningful, swift, and complete appellate review." *Id.* at 3. It also acknowledged that there is no way to know whether dissolving the injunction and moving quickly to an appeal from a final declaratory judgment would be more efficient than litigating the current appeal. *Id.* Nevertheless, the district court concluded that this Court is "better positioned . . . to determine the trajectory of its appeal" and, therefore, indicated that it "would dissolve the preliminary injunction if the First Circuit remanded its appeal for that purpose." *Id.* at 4.

4

## ARGUMENT

### I.   Plaintiffs' motion is an improper attempt to circumvent the Supreme Court's stay order.

Plaintiffs ask this Court to remand this appeal to let the district court dissolve the preliminary injunction. In essence, Plaintiffs seek to prematurely terminate ongoing appellate litigation on the issues raised by their lawsuit, forcibly remand Defendants' pending appeal, and withdraw the preliminary injunction that they sought just a few months ago. But Plaintiffs' extraordinary request has no legal basis; instead, it is merely a calculated attempt to circumvent the Supreme Court's stay order.

Plaintiffs' stated basis for a remand to dissolve the preliminary injunction is a "significant changed circumstance." ECF No. 192 at 2. But there has been no change in circumstances that could justify a remand to moot this appeal after Defendants have already filed their opening brief and when Plaintiffs continue to maintain the same legal positions. The Supreme Court has stayed the injunction pending appellate review, *see DHS v. D.V.D.*, 145 S. Ct. 2153 (2025), but the parties' positions have not changed, the appeal is ongoing, and the issues on appeal are not even remotely moot. Indeed, the weighty legal questions at issue in this appeal—including Defendants' jurisdictional arguments under 8 U.S.C. § 1252 and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), and the merits of Plaintiffs' due process and Administrative Procedure Act (APA)

5

claims—are substantively *identical* to those upon which Plaintiffs' wish to move forward in their pending Motion for Partial Summary Judgment. *Compare* ECF No. 7 at 11 (seeking injunctive relief because due process requires "meaningful notice and an opportunity to present a fear-based claim prior to removal to a third country"), *with* ECF No. 194 at 14 (seeking declaratory relief because due process requires "a meaningful opportunity to present a fear-based claim for withholding of removal and/or CAT protection to an IJ prior to removal to a country other than the previously designated country of removal"). Put simply, the legal and factual circumstances implicated by this lawsuit have not changed in any significant way since Defendants appealed the issuance of the preliminary injunction in April.

Moreover, this Court has held that a party seeking to dissolve a preliminary injunction must show a "change in circumstances" such that the party that obtained the injunction is no longer likely to succeed on the merits of its claims or suffer irreparable harm. *See Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994) ("[W]e think it evident that in the ordinary case dissolution should depend on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place"). Plaintiffs do not even attempt to argue that such a change has occurred. Of course they don't: Plaintiffs vociferously maintain that they will prevail on the merits of their statutory and due process claims and that they will suffer irreparable harm

without immediate relief while this litigation continues. *See* ECF No. 194 at 14 (asserting that statutes, regulations, and due process "entitle class members to a meaningful opportunity to present a fear-based claim for withholding of removal and/or CAT protection to an IJ prior to removal to a country other than the previously designated country of removal"); ECF No. 192 at 11 (arguing that "class members face significant and irreparable harm"). And Defendants continue to maintain, as they have all along, that the district court erred in granting the preliminary injunction. Because Plaintiffs cannot show the requisite change in circumstances necessary to dissolve their preliminary injunction, their motion to remand has no valid basis and should be denied.

The real—and *only*—basis for Plaintiffs' motion is their effort to escape the Supreme Court's decision to stay the injunction pending appeal. *See* ECF No. 192 at 2 ("The Supreme Court's ruling has deprived Plaintiffs and class members of the critical procedural protections that [the district court] correctly ordered"). As Plaintiffs readily concede, they wish to abandon their injunction solely to pursue expedited declaratory relief on those same claims. *Id.* And in so doing, they hope to evade the Supreme Court's stay. But the Supreme Court has already determined the proper interim status quo while this litigation unfolds, and a premature remand to dissolve an injunction is not a vehicle to sidestep an order from the Supreme Court. Entering the same relief that the Supreme Court has already stayed, under

another name, would undermine the respect for higher judicial authority that underpins the nation's legal system. "[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of [the Supreme] Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982) (per curiam).

The Supreme Court has already had to intervene once in this case when the district court tried to "compel compliance" with an "order that this Court ha[d] stayed." *DHS v. D.V.D.*, 145 S. Ct. 2627, 2630 (2025) (Kagan, J., concurring). That intervention "should have been unnecessary" because of "a basic tenet of our judicial system: Whatever their own views, judges are duty-bound to respect 'the hierarchy of the federal court system created by the Constitution and Congress.'" *Nat'l Insts. of Health*, 2025 WL 2415669, at *5 (Gorsuch, J., concurring in part and dissenting in part) (citing *Hutto*, 454 U.S. at 375). This Court should not endorse Plaintiffs' blatant attempt to circumvent the Supreme Court's stay order.

## II. A premature remand would not promote fairness or judicial efficiency.

To support their latest legal gambit, Plaintiffs offer only two erroneous justifications. First, they argue that remand would promote judicial efficiency by conserving the parties' and this Court's resources and preventing this preliminary injunction appeal from "unduly delaying" the final resolution of their claims. Second, Plaintiffs suggest that remand would promote fairness by allowing class

8

members to obtain immediate relief while the litigation proceeds. But both of these claims are based on demonstrably flawed reasoning.

First, Plaintiffs argue that remanding to dissolve the injunction and expeditiously brief partial summary judgment would save "time that the parties and courts would spend further litigating the injunction." ECF No. 192 at 2; *id.* at 11-12 (suggesting that litigating the appeal "detracts resources from the diligent pursuit of a resolution to this case" and may "unduly delay a determination regarding whether relief is available for the class"). But the legal issues raised in Plaintiffs' Complaint and the myriad jurisdictional problems raised by Defendants in their opposition to the injunction are already being litigated and resolved via this pending appeal of the preliminary injunction. *See* Br. of Defendants-Appellants, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Sept. 8, 2025).[1] The

---

[1] Relying on a single sentence from the dissent from the Supreme Court's stay of the preliminary injunction, Plaintiffs appear to assume that this appeal will be resolved solely on 8 U.S.C. § 1252(f)(1) grounds. ECF No. 192 at 10-11; *see D.V.D.*, 145 S. Ct. at 2160 (Sotomayor, J., dissenting) ("Only one jurisdictional objection remains with any force[:] . . . §1252(f )(1) . . . ."). But as Plaintiffs acknowledge, the Supreme Court majority did not explain why it concluded that the government was likely to succeed on the merits. *Id.* at 10. Moreover, Defendants raised multiple threshold jurisdictional arguments in their opposition to the preliminary injunction and opening appeal brief. *See* ECF No. 31, 51; Br. of Defendants-Appellants, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Sept. 8, 2025). And contrary to the view that the Supreme Court may have rested solely on Section 1252(f)(1), the Court made no gesture at narrowing the grant of classwide relief to apply solely to the named plaintiffs or permitting the district court to narrow the relief in that manner on remand.

question of what additional process, if any, class members may be entitled to—
and whether the district court has jurisdiction to make that determination or order
relief in the first place—is *precisely* what Defendants are asking this Court to
decide in this pending appeal.

Furthermore, as the district court correctly concluded in its indicative ruling,
Plaintiffs have not shown that remanding this appeal and dissolving the injunction
would do anything to streamline or expedite the final resolution of this case. ECF
No. 212 at 3 (explaining that the "pending appellate litigation could end up a fool's
errand, disposed of on a jurisdictional issue not necessarily relevant to the
remainder of the case" but noting that "[t]he inverse could be true as well"). On
the contrary, an appellate decision on the legal questions at issue in this appeal
would provide the district court and the parties significant aid in the ultimate
resolution of this case. Indeed, the district court emphasized the need for "swift"
appellate guidance regarding the legal questions at issue in this case. *Id.* The fastest
and most efficient way to obtain that guidance from this Court—and from the
Supreme Court if necessary—is to proceed with this appeal, which is already
partially briefed. Accordingly, there is simply no logical basis for Plaintiffs'
supposed "efficiency" rationale.

Second, Plaintiffs suggest that remanding to dissolve the injunction would
permit class members to obtain immediate relief on their claims *while* the appellate

process plays out. *See* ECF No. 192 at 10 (emphasizing "the harm that will ensue until this case reaches final judgment"). In issuing its indicative ruling, the district court similarly suggested that "class members may be prevented from seeking viable relief, in and out of this litigation, because of the inoperative injunction." ECF No. 212 at 3. But this argument misunderstands the nature of class action litigation. It is the class certification order, not the preliminary injunction, that prevents members of the D.V.D. class from pursuing duplicative individual relief. The district court certified a nationwide class pursuant to Federal Rule of Civil Procedure 23(b)(2), which applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, such that injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." ECF No. 64 at 28 (quoting Fed. R. Civ. P. 23(b)(2)). Moreover, the class is "mandatory," and class members may not opt out and separately pursue their own individual claims. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361–62 (2011). Indeed, the very purpose of a Rule 23(b)(2) class is to ensure that all plaintiffs in the class receive the same relief for the same alleged adverse conduct. Fed. R. Civ. P. 23(b)(2). Because all class members' claims regarding third country removal are already being litigated in this case, they cannot bring their own separate lawsuits seeking individual relief on the same claims. *See, e.g.*, *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)

11

(emphasizing the strong judicial preference to avoid duplicative litigation); *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) ("[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first."). That remains true regardless of whether there is a preliminary injunction in place. It is the class certification order—which is not the subject of this appeal, and which Plaintiffs do not seek to dissolve—that precludes class members from being able to seek individual relief. Accordingly, because dissolving the injunction would have no impact on the ability of class members to seek immediate individual relief, Plaintiffs' second supposed justification for remand is without merit.

Because Plaintiffs' request would do nothing to promote fairness or judicial efficiency, their motion to remand should be denied.

## III.    A premature remand would prejudice Defendants.

Finally, the relief that Plaintiffs seek would prejudice Defendants. Defendants have already expended significant resources on the appeal by filing, *inter alia*, an immediate motion for stay with the district court, two opening appeal briefs and a motion for stay with this Court, an application for stay to the Supreme Court, and a motion to clarify the scope of that stay. *See* Defendants-Appellants' Emergency Mot. to Stay, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. April 22, 2025);

Br. of Defendants-Appellants, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 30, 2025); Br. of Defendants-Appellants, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Sept. 8, 2025); App. for a Stay of the Injunction, *DHS v. D.V.D.*, No. 24A1153 (S. Ct. May 27, 2025); Mot. to Clarify, *DHS v. D.V.D.*, No. 24A1153 (S. Ct. June 24, 2025). Defendants would clearly be prejudiced by an order remanding the appeal to dissolve the injunction after they have already expended substantial resources briefing the issues at every level of the federal court system and filing their opening merits brief on appeal.

Furthermore, remand would prejudice Defendants by depriving them of their right to seek judicial review of the district court's adverse order. While dissolving the injunction would moot Defendants' appeal, it may also interfere with Defendants' ability to vindicate their position that the district court clearly lacked jurisdiction to enter the preliminary injunction to begin with, potentially carrying consequences for Plaintiffs' ongoing allegations of pre-stay non-compliance with the preliminary injunction. That just underscores the importance of prompt appellate review of the preliminary injunction. Remand would prejudice Defendants, and Plaintiffs' motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Remand.

13

Dated: September 8, 2025          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ANTHONY P. NICASTRO
Acting Director

ELIANIS N. PEREZ
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

/s/ *Matthew P. Seamon*
MATTHEW P. SEAMON
(CA Bar # 209349)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
(202) 305-7000 (facsimile)
Matthew.Seamon2@usdoj.gov

## CERTIFICATE OF SERVICE

I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


/s/ *Matthew P. Seamon*
Matthew P. Seamon
Dated: September 8, 2025                    Senior Litigation Counsel

15