Nos. 25-1393, 25-1631

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

———————————

D.V.D., *et al.*,

*Plaintiffs-Appellees*,

v.

U.S. Department of Homeland Security, *et al.*,

*Defendants-Appellants*.

———————————

On Appeal from the United States District Court
for the District of Massachusetts

———————————

**DEFENDANTS-APPELLANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS-APPELLEES' MOTION TO ABATE BRIEFING**

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

ANTHONY P. NICASTRO
*Acting Director*

ELIANIS N. PEREZ
*Assistant Director*

MATTHEW P. SEAMON
MARY L. LARAKERS
*Senior Litigation Counsel*
U.S. Department of Justice,
Civil Division
Office of Immigration
   Litigation
P.O. Box 868,
Ben Franklin Station
Washington, DC 20044

Plaintiffs' Motion to Abate Briefing should be denied. After insisting on a breakneck pace throughout this litigation and opposing Defendants' request for a short extension of their opening brief deadline,[1] Plaintiffs now seek to pause merits briefing in this appeal while the Court considers their pending Motion to Remand. But an abeyance would undermine the very rationale that Plaintiffs emphasized so heavily in their remand motion: the need for judicial efficiency and prompt appellate review. Defendants respectfully submit that the most efficient and expeditious way to obtain that review is to proceed with merits briefing without delay.

Plaintiffs have repeatedly emphasized their "diligent pursuit of a resolution to this case on the merits" and desire to avoid "unduly delay[ing] a determination regarding whether relief is available for the class." ECF No. 192 at 11-12; *see also* Plaintiffs-Appellees' Mot. To Remand, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Aug. 29, 2025) (asking the court to rule on their remand motion "without delay"). And as Defendants explained in their Opposition to Remand, the legal issues raised in Plaintiffs' Complaint and the myriad jurisdictional problems raised

---

[1] On the same day that the Supreme Court stayed the injunction at issue in this appeal, *see DHS v. D.V.D.*, 145 S. Ct. 2153 (2025), and in light of need to adapt the brief to reflect the Supreme Court's ruling, Defendants sought a 15-day extension of the deadline for their opening appeal brief in this Court. *See* Mot. to Extend Time, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. June 23, 2025). Plaintiffs opposed a 30-day extension and did not respond to a request for consent to a 15-day extension. *Id.* at 3. This Court did not rule on the motion before the June 30 deadline. *See* Electronic Order, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. July 9, 2025).

by Defendants in their opposition to the injunction are already being litigated and resolved via the instant appeal. Defendants-Appellants' Br. in Opp. To Remand, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Sept. 8, 2025). The question of what additional process, if any, class members may be entitled to—and whether the district court has jurisdiction to make that determination or order relief in the first place—is *precisely* what Defendants are asking this Court to resolve in this pending appeal. An appellate decision on those legal questions would provide the district court and the parties with significant aid in the ultimate resolution of this case. Indeed, the district court has emphasized the need for "swift" appellate guidance regarding the legal questions at issue in this case. ECF No. 212 at 3. The fastest and most efficient way to obtain that guidance from this Court—and from the Supreme Court if necessary—is to efficiently proceed with briefing in this appeal, particularly since Defendants have already filed their merits brief. *See* Br. of Defendants-Appellants, *D.V.D. v. DHS*, Nos. 25-1393, 25-1631 (1st Cir. Sept. 8, 2025).

Defendants share Plaintiffs' desire for an efficient resolution to this case. But if this Court ultimately denies Plaintiffs' motion to remand, an abeyance will have wasted valuable time during which the parties could have completed merits briefing. Moreover, an abeyance would inevitably postpone any oral argument in this case further into next year. *See* Appellees' Briefing Notice, Nos. 25-1393, 25-

2

1631 (1st Cir. Sept. 24, 2025) (setting an October 23, 2025 deadline for Plaintiffs to file their brief and noting that "this case may be ready for argument or submission at the coming January, 2026 session"). Because a pause of merits briefing would only serve to create the exact "undue delay" that Plaintiffs and Defendants both wish to avoid, good cause does not support an abeyance.[2]

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Abate.

Dated: September 29, 2025

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ANTHONY P. NICASTRO
Acting Director

ELIANIS N. PEREZ
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

Respectfully submitted,

/s/*Matthew P. Seamon*
MATTHEW P. SEAMON
(CA Bar # 309249)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-2648
(202) 305-7000 (facsimile)
Matthew.Seamon2@usdoj.gov

---

[2] Plaintiffs' alternative request to "extend the deadline for their answering brief until 30 days after this Court rules on the pending motion for remand" is merely an abeyance by another name. For the same reasons, this alternative extension request should also be denied.

## CERTIFICATE OF SERVICE

      I, Matthew Seamon, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | /s/ *Matthew P. Seamon* |
|  | Matthew P. Seamon |
| Dated: September 29, 2025 | Senior Litigation Counsel |