Nos. 25-1393, 25-1631

_____

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
_____

D.V.D. *et al.*,

*Plaintiffs-Appellees*,

v.

U.S. Department of Homeland Security *et al.*,

*Defendants-Appellants*.

_____

On Appeal from an Order of the United States District Court
for the District of Massachusetts

_____

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF MOTION TO ABATE BRIEFING PENDING RESOLUTION OF PLAINTIFFS-APPELLEES' MOTION FOR REMAND**

_____

Matt Adams
Leila Kang
Aaron Korthuis
Glenda M. Aldana Madrid
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104

Anwen Hughes
Human Rights First
75 Broad Street, 31st Floor
New York, NY 10004

Trina Realmuto
Kristin Macleod-Ball
Mary Kenney
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446

*Counsel for Plaintiffs-Appellees*

Granting Plaintiffs-Appellees' motion to hold briefing related to the appeal of the preliminary injunction—which has already been stayed—in abeyance pending resolution of their motion for remand is warranted because resolution of Plaintiffs' pending motion to remand may obviate the need for briefing. Indeed, Defendants-Appellants' opposition acknowledges that the approach they advocate can only be more efficient "if this Court ultimately denies Plaintiffs' motion to remand." Defs. Opp. at 2.

Granting an abeyance of the instant appeals' briefing schedule is in keeping with Plaintiffs' efforts to secure prompt, final resolution of their claims for declaratory relief and under the Administrative Procedure Act (APA). Otherwise, the pending appeal may very well only address whether § 1252(f)(1) permits preliminary relief, an issue that has *no* bearing on the final resolution of Plaintiffs' claims. *See* Plaintiffs' Reply in Support of Remand, Doc. 00118340647 at 9-10. Thus, prompt resolution of Plaintiffs' pending motion for partial summary judgment—not this appeal—is the most certain path to resolve the serious issues presented in this case.

Nor is the requested abeyance inconsistent with what Defendants have termed the "breakneck pace" of the instant litigation. Defs. Opp. at 1. Plaintiffs have sought expedited briefing and prompt adjudication to halt imminent or ongoing deportations of class members to third countries where they face persecution, torture, or death. *See, e.g.*, Dist. Ct. Dkt. 7 at 14-16 (seeking a temporary restraining order (TRO) in light of ongoing third country deportations absent *any* notice or opportunity to apply for fear-based

protection); Dist. Ct. Dkt. 89 at 2 (seeking emergency TRO to halt "the imminent removal of, inter alia, Laotian, Vietnamese, and Philippine class members being prepared for removal to Libya, a county notorious for its human rights violations, especially with respect to migrant residents"); Dist. Ct. Dkt. 105 (seeking TRO in light of public release of identifying information regarding Plaintiff then in hiding in country from which he had been granted protection); Dist. Ct. Dkt. 112 (seeking TRO in light of imminent deportations of class members to South Sudan in violation of the then-operative preliminary injunction); Dist. Ct. Dkt. 195 at 9 (seeking expedited resolution of motion for partial summary judgment in light of ongoing harm to class members awaiting resolution of the case). *Cf.* Pfs' Reply in Support of Remand, Doc. 00118340647 at 4-5 (outlining ongoing, severe harm to class members).

    The briefing schedule that Plaintiffs seek to abate relates *only* to Defendants' appeal of the district court's preliminary injunction, which has been stayed by the Supreme Court and will remain inoperable through *both* this Court's decision on the preliminary injunction appeal *and* the Supreme Court's final judgment in any timely filed petition for a writ of certiorari. Defendants face no meaningful harm if this briefing schedule is placed in abeyance, after all the preliminary injunction issued *against* Defendants, has already been stayed. Instead, they seek to dictate how Plaintiffs should

be forced to pursue their case.[1]

For the foregoing reasons, Plaintiffs request that this Court grant their motion to hold the briefing schedule in abeyance.[2]

Respectfully submitted,

s/ *Trina Realmuto*

Trina Realmuto
Kristin Macleod-Ball
Mary Kenney
NATIONAL IMMIGRATION
  LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org

Anwen Hughes
HUMAN RIGHTS FIRST
75 Broad Street, 31st Floor
New York, NY 10004
(212) 845-5244
hughesa@humanrightsfirst.org

Matt Adams
Leila Kang
Aaron Korthuis
Glenda M. Aldana Madrid
NORTHWEST IMMIGRANT
  RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
matt@nwirp.org

*Attorneys for Plaintiffs-Appellants*

---

[1] Defendants also bemoan Plaintiffs' previous opposition to their request to extend an initial deadline to file their preliminary injunction appeal brief, which occurred at a prior stage of the case. Opp. at 1 n.1. Defendants sought an extension based on their schedule and the Supreme Court's stay of the preliminary injunction, but the brief they filed without an extension is substantially the same as the one filed after receiving additional time. *Compare* Dfs' Br., *D.V.D. v. DHS*, No. 25-1393 (1st Cir. Jun. 30, 2025) *and* Dfs' Br., *D.V.D. v. DHS*, Nos. 25-1393 & 25-1631 (1st Cir. Sept. 8, 2025). And their complaint that Plaintiffs' counsel did not respond to a subsequent after-hours request for a 15-day extension omits that Plaintiffs' counsel had provided their position on Defendants' 30-day extension request just three hours earlier and that Defendants waited just over an hour on their 15-day extension request for a response before filing their motion. *See* Dfs' Mx to Extend Time, *D.V.D. v. DHS*, No. 25-1393 (1st Cir. Jun, 23, 2025).

[2] Alternatively, Plaintiffs request this Court extend the briefing schedule until 30 days after a ruling on the motion for remand.

3

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 697 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word for Office 365 in proportionally spaced 14-point Times New Roman typeface.

s/ *Trina Realmuto*
Trina Realmuto
trina@immigrationlitigation.org

**CERTIFICATE OF SERVICE**

I, Trina Realmuto, hereby certify that on October 3, 2025, I caused this document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the Court's appellate CM/ECF system. Defendants-Appellants' counsel are registered CM/ECF users and will be served via the Notice of Docket Activity through this Court's CM/ECF system.

s/ *Trina Realmuto*
Trina Realmuto
National Immigration Litigation Alliance